The Honorable Mark Riable State Representative 16611 Burlington Road Little Rock, AR 72211
Dear Representative Riable:
This is in response to your request for an opinion on the following questions regarding the Arkansas School for the Blind:
 1. Is it proper for the superintendent of the school to hire his daughter to work at the school?
 2. The institution employs dorm parents who are apparently compensated for their service by being given free room and board, many work around the clock. We question whether this could subject the state to any potential liability because of the hours worked by these people and the type of compensation they receive.
It is my opinion that the answer to your first question is "no" in accordance with A.C.A. § 6-43-104 (1987), which states in relevant part as follows:
 No one shall be employed by any superintendent who is of kin by blood or marriage within the fourth degree of the superintendent or any member of the board; except that, with the approval of the board of trustees, the wife of the superintendent may be employed as matron, or housekeeper, or as a teacher with specialized training.
A.C.A. § 6-43-104(c) (1987).
The above subsection is preceded by a provision authorizing the superintendent to "select and employ all employees of the schools. . . ." A.C.A. § 6-43-104(a). Subsection (c) is therefore an exception to this authority, and clearly prohibits the superintendent from employing his daughter.
Your second question requires the application of federal law to a particular factual situation. This matter is governed by the federal Fair Labor Standards Act of 1938 (See U.S.C.A. § 203(s)(6) and 203(x)), and does not require an interpretation of state law. Because the answer can only be derived following a review of all relevant surrounding facts, and application of the federal law, I cannot provide an opinion on this matter. The Fair Labor Standards Act is enforced by the U.S. Department of Labor. Each case under the act must turn on its own set of facts. Seegenerally Richter v. Barrett, 173 F.2d 320 (3rd Cir. 1949). I lack the resources and the authority to act as a factfinder; and because your questions focus solely on federal law provisions, they do not fall within the scope of an Attorney General opinion.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh